IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

CARLOS ERNEST COWARD                                                    PETITIONER
Reg #13115-084

V.                                  2:15-cv-00091-JTK

C.V. RIVERA, *Warden*,                                                  RESPONDENT
FCI-Forrest City Medium

MEMORANDUM AND ORDER

Petitioner Carlos Coward, an inmate at the Federal Correctional Institute in Forrest City, Arkansas, filed this petition for habeas corpus relief, pursuant to 28 U.S.C. § 2241. (Doc. No. 1.) Mr. Coward challenges the manner in which his sentence is being executed, alleging that the Bureau of Prisons ("BOP") abused its discretion by failing to grant him jail credits from December 20, 2006, through October 17, 2007. (Doc. No. 8 at 2.) For the following reasons, Mr. Coward's petition is denied.

I.    PROCEDURAL HISTORY

On December 21, 2006, state authorities in Radford, Virginia, arrested Mr. Coward for felonious gang activity. (Doc. No. 15-1 at 2, 11.) On January 5, 2007, Mr. Coward pleaded guilty in the Radford County, Virginia, Circuit Court for felonious gang activity. (Doc. No. 15-1 at 11.) The court sentenced Mr. Coward to serve five years in the penitentiary, but it suspended four years of that sentence. (*Id.*).

On May 8, 2007, state authorities in Virginia transferred Mr. Coward from the New River Valley Regional Jail ("NRVRJ") to the Central State Hospital in Virginia. (Doc. No. 15-1 at 2-3.) Mr. Coward returned to the NRVRJ on May 15, 2007. (*Id.* at 16.)

During this time, Mr. Coward's state sentence continued to run. (*Id.*).

On June 13, 2007, state authorities temporarily released Mr. Coward to the United States Marshal Service pursuant to a writ of habeas corpus ad testificandum. (*Id.* at 31.) On June 15, 2007, the Marshals returned Mr. Coward to the NRVRJ. (*Id.*). During this time, Mr. Coward's state sentence continued to run. (*Id.* at 34.)

On September 4, 2007, Mr. Coward was transferred from the NRVRJ to the Virginia Department of Corrections. (*Id.* at 34.) On October 11, 2007, the United States District Court for the Western District of Virginia issued a writ of habeas corpus ad prosequendum for Mr. Coward. (*Id.* at 37.) His state sentence continued to run until October 17, 2007, when Mr. Coward was released from state custody to federal custody. (*Id.* at 30; 34.) On July 22, 2008, the Western District of Virginia sentenced Mr. Coward to serve 120 months in the Bureau of Prisons ("BOP") for conspiracy to distribute and possess with the intent to distribute more than fifty grams of cocaine base. (*Id.* at 42.)

II.   ANALYSIS

Mr. Coward requests jail credit from December 20, 2006, until October 17, 2007. (Doc. No. 18 at 2.) He states that Respondent's Attachments 5 and 7 are incorrect because federal authorities detained him, not state authorities. (*Id.*). He claims that the time from December 20, 2006, until October 17, 2007, should then count toward his federal sentences. (*Id.*).

The sovereign that initially takes physical custody of a defendant "retains 'primary jurisdiction' until releasing that jurisdiction." *Elwell v. Fisher*, 716 F.3d 477,

481 (8th Cir. 2013). If a state sovereign has primary custody, execution of a writ of habeas corpus ad prosequendum does not terminate its primary jurisdiction. *See id.* at 482. Instead, the defendant remains in the state's primary jurisdiction and becomes temporarily "on loan" to the United States. *Id.* While on loan, a defendant may be convicted and sentenced by a federal court. *Fegans v. United States*, 506 F.3d 1101, 1103 (8th Cir. 2007). However, the defendant's federal sentence does not commence at that time. 18 U.S.C. § 3585(a) (2006).

"Multiple terms of imprisonment imposed at different times" are presumed to run consecutively. 18 U.S.C. § 3584 (2006). The defendant will serve his sentence for the court that has primary jurisdiction, and once released from that sentence, the defendant will be transferred to federal custody. *Fegans*, 506 F.3d at 1103. Once in federal custody, the defendant's federal sentence commences. 18 U.S.C. § 3585(a) (2006). The BOP will award prior custody credit "for any time he has spent in official detention prior to the date the sentence commences . . . (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence." 18 U.S.C. § 3585 (2006). The federal court will review the BOP's decision under an abuse of discretion standard. *Elwell*, 716 F.3d at 486.

On June 13, 2015, the BOP requested that Virginia state officials provide all of the dates Virginia credited Mr. Coward for his one-year state sentence. (Doc. No. 15-1 at 35.) The Virginia Department of Corrections official informed the BOP that Mr.

Coward received jail credit from December 21, 2006, until September 4, 2007. (*Id.* at 34.) Mr. Coward's state sentence then expired on October 17, 2007. (*Id.*). Therefore, Mr. Coward's federal sentence began on October 18, 2007. Based on the entire record, the BOP did not abuse its discretion in determining that Mr. Coward was not entitled to jail credit from December 20, 2006, until October 17, 2007.

III.   CONCLUSION

The BOP did not abuse its discretion in its jail credit calculation for Mr. Coward's federal sentence. Accordingly, this petition for writ of habeas corpus (Docs. No. 1, 8, 10) is denied, dismissing this action in its entirety with prejudice.

IT IS SO ORDERED this 27th day of October, 2015.

_____
United States Magistrate Judge